IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LESLIE HANKER, individually and as
Guardian and Conservator for KEITH HANKER,

    Plaintiffs,

vs.                                                          Civ. No. 01-1417 JP/KBM
                                                                   Consolidated with
                                                                   Civ. No. 02-249 LCS/KBM

SCHNEIDER NATIONAL CARRIERS, INC.,
a Wisconsin Corporation, SCOTT RAYBURN
ASHLEY and TERRY WENTZ,

    Defendants.

and

THE NEW MEXICO DEPARTMENT OF PUBLIC
SAFETY, and Entity of the STATE OF NEW MEXICO,
a Self-Insured Employer,

    Plaintiff-in-Intervention,

vs.

SCHNEIDER NATIONAL CARRIERS, INC.,
a Wisconsin Corporation, SCOTT RAYBURN
ASHLEY, TERRY WENTZ, and LESLIE HANKER, individually and as
Guardian and Conservator for KEITH HANKER,

    Defendants-in-Intervention.

and

MICALAH O'HARA and DONALD J. SZLAG,

    Plaintiffs,

vs.

SCHNEIDER NATIONAL CARRIERS, INC.,
a Wisconsin Corporation, SCOTT ASHLEY and
TERRY WENTZ,

    Defendants.

# MEMORANDUM OPINION AND ORDER
## CONSOLIDATING CIV. NO. 01-1417 JP/KBM AND CIV. NO. 02-249 LCS/KBM

On April 1, 2002, the Plaintiffs filed Plaintiffs' Motion to Consolidate (Doc. No. 17). The Plaintiffs ask the Court to consolidate this case with *O'Hara v. Schneider National Carriers, Inc*, Civ. No. 02-249 LCS/KBM. Having considered the briefs and relevant law, I find that the motion to consolidate should be granted.[1]

A. Background

The *Hanker* case is a personal injury lawsuit based on an accident which occurred on October 28, 2001. On October 28, 2001, Keith Hanker, a New Mexico State Police Officer, stopped a van for a routine traffic violation. The van and Officer Hanker's vehicle were parked on the side of Interstate 10. Micalah O'Hara and Donald Szelag were in the van. Scott Rayburn Ashley was driving a Schneider National Carriers tractor trailer which collided with Officer Hanker and the van, thereby injuring Officer Hanker, Ms. O'Hara, and Mr. Szelag. Terry Wentz, an employee of Schneider National Carriers, is alleged to have known or should have known that Scott Rayburn Ashley was incapacitated in some manner and unable to drive safely. The *Hanker*

---

[1]Defendant Scott Rayburn Ashley responded to the motion to consolidate by alleging that the district court may not have diversity jurisdiction in the *O'Hara* case. Specifically, Defendant Ashely alleges that the Plaintiffs may not have shown that they have met the amount in controversy. Magistrate Judge Smith has since ruled that there is diversity jurisdiction in the *O'Hara* case. Memorandum Opinion and Order in Civ. No. 02-249 LCS/KBM (Doc. No.12), filed June 19, 2002.

2

Plaintiffs are suing Schneider National Carriers, Scott Rayburn Ashley, and Terry Wentz for common law negligence and negligence *per se.*

The *O'Hara* case is a personal injury lawsuit brought by Ms. O'Hara and Mr. Szelag for the injuries they suffered from the October 28, 2001 accident. Their lawsuit is based on common law negligence; negligence *per se*; *prima facie* tort; and negligent hiring, retention, supervision, and training. The *O'Hara* plaintiffs are suing Schneider National Carriers, Scott Rayburn Ashley, and Terry Wentz.

B. Discussion

The determination of a motion to consolidate is discretionary. *Shump v. Balka*, 574 F.2d 1341, 1344 (10th Cir.1978); *Gillette Motor Transport v. Northern Oklahoma Butane Co.*, 179 F.2d 711, 712 (10th Cir.1950).

> In deciding whether to consolidate cases, the Court should initially determine that the cases to be consolidated "involv[e] a common question of law or fact." Fed. R. Civ. P. 42(a). If the cases involve a common question of law or fact, the Court should then weigh the interests of judicial convenience in consolidating the cases against the delay, confusion, and prejudice consolidation might cause.

*Servants of Paraclete, Inc. v. Great American Ins. Co.*, 866 F.Supp. 1560, 1572 (D.N.M. 1994)(citing *Southwest Marine, Inc. v. Triple A Mach. Shop, Inc.*, 720 F.Supp. 805, 807 (N.D. Cal. 1989)). Applying these standards to the *Hanker* and *O'Hara* cases, I find that consolidation is desirable "to avoid unnecessary costs or delay." *See id.*; Fed. R. Civ. P. 42(a).

IT IS ORDERED that:

1. Civ. No. 01-1417 JP/KBM and Civ. No. 02-249 LCS/KBM are consolidated;

2. Civ. No. 01-1417 JP/KBM is the lead case; and

3. all future filings in Civ. No. 02-249 LCS/KBM will be filed in Civ. No. 01-1417

JP/KBM.

_____
CHIEF UNITED STATES DISTRICT JUDGE