IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LESLIE HANKER, individually and as
Guardian and Conservator for KEITH HANKER,

Plaintiffs,

vs.

Civ. No. 01-1417 JP/KBM
Consolidated with
Civ. No. 02-249 LCS/KBM

SCHNEIDER NATIONAL CARRIERS, INC.,
a Wisconsin Corporation, SCOTT RAYBURN
ASHLEY and TERRY WENTZ,

Defendants.

and

THE NEW MEXICO DEPARTMENT OF PUBLIC
SAFETY, and Entity of the STATE OF NEW MEXICO,
a Self-Insured Employer,

Plaintiff-in-Intervention,

vs.

SCHNEIDER NATIONAL CARRIERS, INC.,
a Wisconsin Corporation, SCOTT RAYBURN
ASHLEY, TERRY WENTZ, and LESLIE HANKER, individually and as
Guardian and Conservator for KEITH HANKER,

Defendants-in-Intervention.

MEMORANDUM OPINION AND ORDER

On May 16, 2002, the Defendants/Defendants-in-Intervention Schneider National Carriers, Inc., Ashley, and Wentz (Defendants) filed a Motion to Dismiss (Doc. No. 32). The Defendants seek the dismissal of the Plaintiff-in-Intervention's (NMDPS) claims against them.

NMDPS in its response requested a hearing on the Motion to Dismiss. I find that there is no need for a hearing on the Motion to Dismiss. Having reviewed the briefs and relevant law, I find that the Motion to Dismiss should be granted.

A. Background

New Mexico Police Officer Keith Hanker was injured in a motor vehicle accident allegedly caused by the negligence of Defendants Scott Ashley and Terry Wentz, employees of Defendant Schneider National Carriers, Inc. Leslie Hanker, Officer Hanker's wife, sued Defendants Ashley, Wentz, and Schneider National Carriers, Inc. in her individual capacity and as a guardian and conservator for Officer Hanker.[1] On March 13, 2002, Magistrate Judge Galvan entered an Order Granting [NMDPS'] Motion to Intervene (Doc. No. 11).

NMDPS' Complaint in Intervention (Doc. No. 16) is brought against the Defendants as well as Leslie Hanker in her individual capacity and as a guardian and conservator for Officer Hanker. The NMDPS alleges that it is a self-insured entity which is providing workers' compensation benefits to Officer Hanker. NMDPS also alleges that it "is entitled to subrogation, contribution, offset, or otherwise, for said benefits paid and to be paid to Keith Hanker due to the direct and proximate result of the negligence against him by Defendants." Complaint in Intervention at ¶7. The Defendants argue that the Complaint in Intervention should be dismissed for failing to state a claim against them because NMSA 1978, §52-5-17 (1986) does not provide NMDPS with a claim for subrogation but instead provides for a claim of reimbursement.

---

[1]This case has since been consolidated with Civ. No. 02-249 LCS/KBM (Doc. No. 41), a case brought by Plaintiffs Micalah O'Hara and Donald Szelag against Defendants Schneider National Carriers, Inc., Ashley, and Wentz, and for injuries they received in the same motor vehicle accident which injured Officer Hanker.

NMDPS argues that New Mexico case law is not clear on whether §52-5-17 provides for only a claim of reimbursement.

B. Standard for Motion to Dismiss Under Fed. R. Civ. P. 12(b)(6)

In considering a motion to dismiss for failure to state a claim, I must liberally construe the pleadings, accept as true all factual allegations in the complaint, and draw all reasonable inferences in the plaintiff's favor. *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir. 1984). I may dismiss the complaint if it appears to a certainty that the plaintiff can prove no set of facts in support of the plaintiff's claim which would entitle the plaintiff to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

C. Discussion

"Section 52-5-17 defines the rights of employers to reimbursement of workers' compensation benefits paid to injured workers who receive compensation for their injuries from other sources." *Chavez v. S.E.D. Laboratories*, 2000-NMSC-034 ¶6, 129 N.M. 794. Section 52-5-17 does not provide for a right of subrogation. *St. Joseph Healthcare System v. Travelers Companies*, 119 N.M. 603, 606, 893 P.2d 1007, 1010 (Ct. App.), *cert. denied*, 119 N.M. 514, 892 P.2d 961 (1995). "[T]he employer's reimbursement is bottomed on the principle that a worker must not receive a windfall." *Gutierrez v. City of Albuquerque*, 1998-NMSC-027 ¶10, 125 N.M. 643. The claim for reimbursement "is against the worker and not the third party" tortfeasor. *St. Joseph Healthcare System*, 119 N.M. at 606, 893 P.2d at 1010. Moreover, the claim for reimbursement does not arise until the worker has recovered damages from the third-party tortfeasor. *Fernandez v. Ford Motor Co.*, 118 N.M. 100, 107, 879 P.2d 101, 108 (Ct. App.), *cert. denied*, 118 N.M. 90, 879 P.2d 91 (1994). Following the above New Mexico case

law, it is clear that NMDPS does not have a claim of subrogation or reimbursement against the Defendants under §52-5-17.

The New Mexico Supreme Court in *Gutierrez,* however, held that "[o]nce the *amount* of the employer's interest in the tort recovery has been determined, we believe the legislature intended that amount to be paid or assigned to the employer under principles of subrogation." *Gutierrez*, 1998-NMSC-027 ¶20. Whether this interest is called "a pro tanto assignment, a subrogation lien, or a right of reimbursement is unimportant." *Id*. The New Mexico Supreme Court noted that they did "not find any semantic distinctions among the terms 'pro tanto,' 'reimbursement,' 'subrogation,' and 'assignment' to be helpful in determining the *amount* of an employer's reimbursement interest." *Id*. at n.7. The New Mexico Supreme Court further noted that previous New Mexico cases distinguished between an employer's right of reimbursement and a right of subrogation under §52-5-17 "to determine how to treat the parties' interests." *Id*. The distinction between a right of reimbursement and subrogation is not relevant when determining the *extent* of an employer's interest in a worker's tort recovery. *Id*.

The New Mexico Supreme Court did not overrule the previous case law describing the employer's interest in a worker's tort recovery as a right of reimbursement. The New Mexico Supreme Court simply observed that any particular label of that interest is unimportant in deciding what amount of money to award the employer. In addition, the New Mexico Supreme Court's reference to the legislature's intention to pay employers under principles of subrogation does not apply until the amount of the tort recovery is determined. The amount of the tort recovery has yet to be determined in this case. In sum, NMDPS has failed to state a claim upon relief can be

granted against the Defendants.[2]

IT IS ORDERED that:

1. NMDPS' request for oral argument is denied;

2. Defendants' Motion to Dismiss (Doc. No. 32) is granted; and

3. The Complaint in Intervention will be dismissed as to Defendants Schneider National Carriers, Inc., Ashley, and Wentz.

CHIEF UNITED STATES DISTRICT JUDGE

[2]The Defendants in their reply brief raised the issue of whether NMDPS' intervention in this case was appropriate. Since NMDPS' claims against the Defendants will be dismissed for failing to state a cognizable claim, there is no need to address the intervention issues. If the Plaintiff wishes, she can bring up any intervention issues in a separate motion.